**HAYS et al. v. HATGES.**

**No. 10958.**

Circuit Court of Appeals, Eighth Circuit.

Jan. 28, 1938.

William B. Danforth, Asst. U. S. Atty., of Mason City, Iowa (Edward G. Dunn, U. S. Atty., of Mason City, Iowa, on the brief), for appellants.

L. R. Boomhower, of Mason City, Iowa, for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order and judgment sustaining a writ of habeas corpus issued at the instance of appellee Ioannis Hatges, also known as John Hatges. Appellants are respectively Divisional Director of Immigration and Naturalization and District Director of Immigration and Naturalization. Appellee is a citizen of Greece who was admitted to the United States about April 18, 1912, since which time he has continuously resided in the United States, residing for the most part at Mason City, in the State of Iowa. On November 19, 1934, he was arrested by an immigration inspector at Mason City, Iowa, upon a warrant issued by the Department of Labor, charging that he was an inmate of a house of prostitution and that he had been found connected with the management

of a house of prostitution. He was released on bail, and the following day, November 20, 1934, was given a hearing on the charge contained in the warrant, subsequent hearings being held on April 30, 1935, and on May 3, 1935.

At the hearing on November 20, 1934, which was the first hearing, appellee was informed that the purpose of the hearing was to afford him an opportunity to show cause why he should not be deported. The warrant of arrest was read to him and he was given the privilege of inspecting it, together with the evidence on which it was issued. He was advised that he had the right to be represented by counsel. He responded that counsel then present would represent him, and he was so represented.

The evidence on which the warrant of arrest issued consisted of ex parte statements theretofore made by the witnesses and sworn to before an inspector. Copies of these statements were made available to counsel for appellee, and each witness was produced at the hearing, sworn, examined by the inspector, his examination substantially covering all the matters set out in the ex parte statement which each defendant, then under oath, said was true and correct, and each witness was then subjected to complete and searching cross-examination by counsel for appellee, covering all matters embodied in the ex parte statements and in his direct oral testimony.

Appellee produced witnesses to testify in his behalf, and at the hearing on May 3, 1935, he took the stand in his own behalf.

At the close of the hearings, appellee having announced that he had no further testimony to produce, the inspector recommended that he be deported. The Department of Labor, on the 16th of September, 1936, upon the record so made, issued warrant for deportation of appellee to Greece. On January 23, 1937, on petition of appellee, the lower court issued its order granting writ of habeas corpus, which on hearing it sustained by order and judgment entered February 12, 1937, on the ground that appellee had been denied a fair hearing because of the admission and introduction of ex parte statements, because a considerable portion of the other evidence adduced at the hearing was hearsay, and because appellee's attorney was denied the right to object intelligently to the introduction of the evidence at the hearing. It is from this order that the immigration authorities have appealed.

It is not our purpose to reproduce either in detail or in substance the testimony. Suffice it to say that if it were properly received and considered, it was abundantly sufficient to sustain the charges set out in the warrant for appellee's arrest. The petition for habeas corpus assailed the fairness of the hearing accorded the alien, on the ground that ex parte and hearsay statements were received in evidence against him, and that there was no legal or competent evidence sustaining the charges against him.

■ As has been observed, the court was of the view that the reception of ex parte statements made by the witnesses in the absence of appellee rendered the hearing unfair. It should first be noted that this matter was decided by the lower court several months before the handing down of our opinion in Hays v. Zahariades, 8 Cir., 90 F.2d 3, 5. The record in that case is quite similar to the record in the instant case. In this case, as in that, petitioner did not claim citizenship. He was not entitled to a judicial hearing. The proceedings before the administrative tribunal are not criminal but civil in nature, and that tribunal need not observe the strict rules of evidence which govern in judicial tribunals. What was said by us in Hays v. Zahariades, supra, is here apposite. We there said: "The charge of unfairness of the hearing urged in the lower court and relied upon here is bottomed on the claim that substantially all of the testimony in behalf of the government was ex parte, taken in secret in advance of the hearing, and at the time of the hearing produced only by copy. The determination of the propriety of deportation is not a prosecution for a crime, but the proceedings are civil in their nature, and hence, the strict rules governing proof in criminal prosecutions do not apply, and a hearing is not necessarily unfair merely because rules of evidence and of procedure applicable to judicial proceedings have not been strictly followed. United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 44 S. Ct. 54, 68 L.Ed. 221. The power to expel aliens belongs, not to the judicial, but to the political department of the government. However, a fair hearing must be accorded in a proceeding for deportation, and under the rules of the Department of Labor and under the law, the alien must be notified of the charge against him. He must have an opportunity to inspect the warrant of arrest and the evidence upon which it is issued,

and he must be advised of his right to be represented by counsel. United States ex rel. Vajtauer v. Commissioner, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560; Whitfield v. Hanges (C.C.A.8) 222 F. 745."

An examination of the record convinces us that every witness produced against the appellee, who had previously made an ex parte statement, testified orally to substantially every fact set out in the ex parte statement. As said by us in Hays v. Zahariades, supra: "The petitioner was given notice of the charge against him; he was given such time as he requested to meet it; he was given an opportunity to be heard; he was confronted with every witness who gave evidence against him and given an opportunity of full cross-examination. He was given ample time and opportunity, after all the evidence was produced and known to him, to produce evidence and witnesses to refute it, and the decision was based upon the evidence produced at the hearing."

We think this case is controlled by Hays v. Zahariades, supra. The record sustaining the fairness of the hearing resulting in the order of deportation is even stronger in the instant case than· in that case. We are of the view that the alien was afforded a fair hearing, and that there was substantial evidence to sustain the findings of the Secretary of Labor.

The order and judgment of the lower court discharging petitioner from detention is reversed, and the cause is remanded, with directions to vacate the writ of habeas corpus and to take such steps as may be appropriate to remand petitioner to the custody of the proper officers of the Department of Labor for deportation according to the deportation warrant.